L. L. McCANDLESS *v.* GEORGE R. CARTER, GOVERN-
OR OF THE TERRITORY, AND JAMES W. PRATT,
COMMISSIONER OF PUBLIC LANDS OF THE
TERRITORY.

MOTION FOR DECREE.

ARGUED FEBRUARY 13, 1907.    DECIDED FEBRUARY 15, 1907.

FREAR, C.J., HARTWELL AND WILDER, JJ.

PRACTICE—*performing enjoined act after decision and before decree
dismissing bill—continuing injunction for purposes of appeal after
act performed.*

Although it is improper practice to perform an act temporarily
enjoined immediately after the filing of a decision and before the
entry of the decree dismissing a bill for an injunction, it would be
useless to expressly continue the injunction after the performance
of the act for the purposes of an appeal without first setting aside
the transaction, and in this case it is deemed best to allow the
present status to continue, subject to the action of the appellate
court.

OPINION OF THE COURT BY FREAR, C.J.

A decision having been filed on the 1st instant reversing the
decree of the circuit judge appealed from, sustaining the demur-
rer to the bill, and dismissing the bill, but without in terms dis-
solving the injunction which had been granted by the circuit
judge restraining the respondent Pratt from exchanging certain
public lands for private lands, the complainant moved the court
on the 13th instant to enter a decree in a form which followed
the decision and also provided that the injunction should con-
tinue in force until further order of the court for the purpose
of permitting an appeal to the supreme court of the United States.
The attorney general, on behalf of the respondent Pratt, filed
an objection to granting the motion, on the ground that the com-

plainant desired the decree merely for the purposes of appeal and that no appeal lies for the reasons that the record does not disclose that the amount involved exclusive of costs exceeds the value of $5000 and that no federal question is involved. He also stated orally that upon the rendition of the decision on the 1st instant the exchange had been made on his advice, but that he did not object to a continuance of the injunction on that account and that his only objection to the entry of the decree was that it was only for the purposes of appeal and that no appeal lies. The court expressed surprise that the attorney general had advised the completion of the exchange before the entry of the decree and stated that the question of the continuance of the injunction for the purposes of appeal, whether by the court or the justice allowing the appeal, was one upon which he need not be heard as matter of right, and that, although he might be permitted to be heard as a matter of discretion, the court did not care to hear him under the circumstances, particularly in view of the fact that he, the natural one, as the successful party, to prepare and present a form of decree, had chosen not to do so but on the contrary to rely entirely upon the decision and had taken the position that no decree should or need be entered and had acted accordingly in advising the completion of the exchange before the entry of the decree, which, in the opinion of the court, was improper practice. The court, however, stated that the fact that the exchange had been made presented a more serious question, namely, whether the injunction should be continued in force when that which was sought to be enjoined had already been done, and called upon complainant's counsel to argue that question, which, after argument, the court took under consideration.

If the exchange had not been made the court would not hesitate to continue the injunction in force pending the proposed appeal, but while it might do no harm it would be useless and absurd to provide expressly in the decree for a continuance of an injunction against what has already been accomplished. It is true that the court has inherent power, as well as express power under the statute, to protect its jurisdiction, and also that its

opinions or decisions remain subject to its control until the settlement and entry of the final decree. In this case, for instance, if the transaction had been completed prior to the decision the court could have set it aside as well as treated the action as a contempt of court. Likewise, if of its own motion or on a motion for a rehearing or other motion it should set aside or modify the decision so as to produce a different result it could enforce that notwithstanding the consummation of the exchange. But the fact is that the decision was rendered before the exchange was made and has not since been altered. We do not now see our way clear to take steps to set aside the transaction solely for the purposes of appeal without altering the decision upon the merits of the case. It is best now to leave the matter as it stands for such action as the supreme court of the United States may direct in case an appeal or writ of error is allowed to that court and heard by it. If that court decides the case upon its merits and reverses this court it may be able to restore the former status, and if it does not hear the case upon its merits it may be that an original bill to set aside the transaction would lie, from the disposition of which an appeal or writ of error might be taken which could be heard upon its merits by that court, but those are questions for consideration when they arise.

A decree may be entered following the decision, omitting an order dissolving the injunction.

*A. G. M. Robertson* and *G. D. Gear* for complainant.

*E. C. Peters, Attorney General,* and *F. W. Milverton, Dep uty Attorney General,* for respondent Pratt.